FILED'07 JAN 22 17:09USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH W. PHILLIPS,

               Plaintiff,               Civil No. 05-105-CO

            v.                    FINDINGS AND
                                      RECOMMENDATION

ERIC GREVSTAD, et al.,

               Defendants.

COONEY, Magistrate Judge.

    Plaintiff, an inmate at the Oregon State Penitentiary,
filed a pro se complaint under 42 U.S.C. § 1983 alleging that
defendants violated his civil rights when he was a pre-trial
detainee in the Multnomah County Jail by failing to protect
him from an assault by a fellow inmate and failing to provide
him with adequate medical care for injuries he sustained in

1 - FINDINGS AND RECOMMENDATION

the assault.[1]

On October 30, 2003, plaintiff sent a "Notice of Tort Claim" to "Multnomah County" generally alleging the facts giving rise to his claims.  See, Plaintiff's Exhibit 1 (#99).[2] The notice did not specifically identify any defendants by name, but described John and Jane Doe defendants as they were described in plaintiff's original pro se complaint as set forth below.

Defendants have filed a motion for  summary judgment (#92) on the ground that "plaintiff failed to name or assert any claim against defendants Brent Jordan, Todd Engstrom, C. Walter, Sari Trevarthen, and Robert Lightner until after the applicable statute of limitations has run."

I construe plaintiff's allegation that he was assaulted on "07/09/2003, just after midnight," as establishing an accrual date for his claim as July 10, 2003.  The parties agree that a two year statute of limitation applies to actions under 42 U.S.C. § 1983.  Therefore, in order to be timely,

---

[1]Plaintiff's original complaint alleged only a claim for denial of medical care.  Plaintiff's First Amended Complaint can be construed as including a claim for failure to protect plaintiff from assault.

[2]The Notice itself does not indicate specifically to whom it was sent.  Plaintiff's Exhibit (#19) indicates that he received responses to the notice from Farrell & Associates Insurance Claims Services which administers tort claims for Multnomah County, a self insured entity.

2 - FINDINGS AND RECOMMENDATION

plaintiff would have had to file his complaint no later than July 10, 2005.

Plaintiff's first pro se complaint was filed on January 24, 2005. Plaintiff's first complaint did not specifically name the moving defendants. The caption of the complaint listed "Multnomah County Inverness Jail, Farrell & Associates Insurance Office (and) 'All Public Bodies Involved'" as defendants. Plaintiff also listed the "names and addresses" of additional John and Jane Doe defendants, identifying each Doe defendant with the following descriptions:

> John or Jane Doe
> Department of Administrative Services
> Risk Management Division
> 1225 Ferry S.E. U105
> Salem, Oregon ZIP-97301-4287
>
> John or Jane Doe
> Multnomah County Administration
> 421 S.W. 6th 3rd Floor
> Portland, Oregon ZIP-97204
>
> John or Jane Doe
> Sheriffs Office Business Administration
> 501 S.E. Hawthorne Room 350
> Portland, Oregon
>
> John or Jane Doe "Corperal that was on duty 07-09-2003&07-10-2003"
> John or Jane Doe "Sergent that was on duty 07-09-2003&07-10-2003"
> John or Jane Doe "Luetenate that was on duty 07-09-2003&07-10-2003"
> John or Jane Doe "Captain that was on duty 07-09-2003&07-10-2003"
> John or Jane Doe "Commander that was on duty 07-09-2003&07-10-2003"
> John or Jane Doe "Officer that was on duty in Dorm 12 Midnight 07-09-2003

John's or Jane's Doe "Oficer's that transported me to
Hospital's 07-10-2003
11540 N.E. Inverness Drive
Portland, Oregon Zip-97220

John or Jane Doe "Doctor's that where on Duty 07-09&07-
10-2003 & still ongoing
John or Jane Doe "Nurse's that where on duty 07-09-&07-
10-2003 & still ongoing
Inverness Jail
11540 N.E. Inverness Drive
Portland, Oregon Zip- 97220

John's or Jane's Doe "Doctors & Nurses that work for
Multnomah County or work through Oregon Health Services.
Oregon Health Services.
Oregon Health Services Commission& Administration.
225 Capitol Street 5th Floor
Portland, Oregon Zip - 97310.

(sic)

Plaintiff's pro se First Amended Complaint (#14) filed
June 19, 2005, named additional defendants, but did not name
any of the moving defendants.

Defendants Brett Jordan and Todd Engstrom M. D. were
named in plaintiff's pro se Second Amended Complaint (#37)
filed October 3, 2005.

Defendant C. Walter R.N. was named in plaintiff's pro se
Third Amended Complaint (#58) filed December 15, 2005.

On April 11, 2006, a Notice of Appearance by Attorney
Michelle R. Burrows appearing on behalf of plaintiff (#72) was
filed. Plaintiff's counsel filed a Fourth Amended Complaint
(#87) on July 13, 2006, naming defendants Sari Trevarthen and

Roderick Lightener.[3]

In short, none of the moving defendants were specifically named in any complaint filed before the expiration of the statute of limitations. Thus, the issue before the court becomes whether the allegations in plaintiff's amended complaints that specifically name the moving defendants relate back to the date of plaintiff's original complaint for purposes of the statute of limitations.

Relation Back of Pleadings:  Fed. R. Civ. P. 15(c) provides that an amendment of a pleading relates back to the date or the original pleading when "(2) the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original. pleading."  In this case it is not disputed that the claims in plaintiff's amended complaints arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

When the amendment changes the party or the naming of the party against whom a claim is asserted, the amendment relates back when the provision of subsection (2) above is satisfied *and* "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by

---

[3]In addition to the moving defendants named in plaintiff's previous pro se complaints.

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3).

Defendants contend "(I)t is well established that state law, rather than Fed. R. Civ. P. 15(c)(3), is the controlling law when determining whether an amendment relates back to the date of the original pleading in actions under 42 U.S.C. § 1983. See, Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989) ('the relation back provisions of state law, rather than [Federal] Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983.')." Defendants' Reply Memorandum (#101) p. 2, fn 2.

The Oregon and Federal rules governing relation back of amendments are substantially identical. Rule 23C of the Oregon Rules of Civil Procedure provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party

6 - FINDINGS AND RECOMMENDATION

(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.

ORCP 23C

The parties have not identified any federal authority discussing whether failure to identify a defendant constitutes a mistake for purposes of relation back under ORCP 23C or Fed. R. Civ. P. 15(c)(3). Some State of Oregon District Courts have held that a plaintiff's lack of knowledge regarding a defendants identity is not a "mistake" for purposes of ORCP 23C. See, Clavette v. Sweeney, 132 F.Supp 2d 864, 876 (D. Or. 2001); Skoog v. Clackmas County, 2004 U.S. Dist. LEXIS 14142 (D. Or. 2004). Defendants urge the court to "adopt the reasoning of these cases and dismiss all claims against the Motion Defendants with prejudice." However, federal case law concerning "Doe" defendants suggests a different reasoning may be appropriate.

John and Jane Doe defendants: As a general rule, the use of "John Doe" to identify a defendant is not favored. See, Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1968). However, situations arise where for various reasons the identity of alleged defendants will not be known prior to the filing of the complaint. In such

circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not discover the identities of the defendants or that the complaint would be dismissed on other grounds.  Goron v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978); see also, Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430-431 n. 24 (9th Cir. 1977); Oppenheimer Fund Inc., v. Sanders, 437 U.S. 340, 351 n. 13 (1978).

In Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980), after filing a complaint naming John Doe defendants, the appellant filed interrogatories requesting from the named defendants the names and addresses of the alleged John Doe defendants.  The District Court dismissed the complaint on jurisdictional grounds without requiring a reply to the interrogatories.  The Ninth Circuit Court of Appeals held that the District Court abused its discretion in not permitting the discovery sought by the appellant and that the court's subsequent dismissal of the complaint was error.  The court reasoned that it was "very likely" that the answers to the interrogatories would have disclosed the identities of the "John Doe" defendants and provided a jurisdictional basis for relief.

In this case, after filing his first pro se complaint,

plaintiff alleges that he attempted to discover the identities of the John and Jane Doe defendants described in the complaint and that "Multnomah County" did not respond to his requests. Plaintiff further alleges that "Sgt. Jordan" refused to accept or respond to plaintiff's grievances and "refused to provide me any information on the officers who were on duty the night I was assaulted including their names." Affidavit of Kenneth Phillips (#98) p. 2-3.

In a letter to Farrell & Associates dated May 9, 2005, plaintiff requested the name of the officer that was on duty the night he was assaulted. Plaintiff also requested "a copy of Multnomah County's Health Service Policy for emergency care on swingshift and graveyard shift."

A response from Senior Claims Associate Teresa Gooley stated: "In response to your question regarding the name of the officer on duty the night of the assault, I assume you are referring to the Deputy on duty you contacted after the incident. The Deputy assigned to Dorm 12, working G-Shift, was Eric Grevstad; his DPSST number is 30833." Ms. Gooley suggested that plaintiff direct a public records request to "Gayle Burrow, the Program Administrator for Corrections Health" for the other information requested. Declaration of Michelle A. Bellia (#102) exhibit 1.

Plaintiff alleges that his efforts to discover the

identities of the Doe defendants were hampered by the fact that at the time he filed the First Amended Complaint he was "in the custody of the Oregon Department of Corrections and ... had limited resources and ability to communicate. I was not able to call Multnomah County and could only send handwritten letters which were largely ignored." Affidavit of Kenneth Phillips (#98) p. 2.

Based on the record before the court, I find that plaintiff made diligent efforts within the limitations of an incarcerated pro se plaintiff to ascertain the identities of of the John and Jane Doe defendants within the limitations period, and that Multnomah County corrections officials did not cooperate with plaintiff's reasonable requests.[4]

Under these circumstances I find that "mistake" provision(s) of ORCP 23C (2) and Fed. R. Civ. P. 15(c)(3)(B) can be construed to encompass plaintiff's inability to specifically identify the Doe defendants (by name) prior to the expiration of the statute of limitations.

Thus, relation back may be appropriate under the circumstances of this case whether analyzed under Fed. R. Civ. P. 15(c) or ORCP 23C.

---

[4]*After* the July 10, 2005, expiration of the statute of limitations, plaintiff filed a "Motion for Discovery" (#33) and two motions to compel discovery (#38) and (#52). All of these motions were denied on various grounds.

<u>Sergeant Brett Jordan:</u>    Defendant Jordan is employed as a corrections officer by the Multnomah County Sheriff's Office as a corrections sergeant.    Plaintiff alleges in his Fourth Amended Complaint that defendant Jordan was "at all material times, the officer in charge of Dorm 12."    Plaintiff alleges that defendant Jordan failed to adequately supervise defendant Grevstad (who had allegedly left his assigned post) or to provide adequate backup for Grevstad, failed to adequately protect plaintiff and subsequently failed to process plaintiff's grievances.

Defendant Jordan was first named as a defendant in plaintiff's Seconded Amended Complaint and identified as "a corrections sergeant at Multnomah County Inverness Jail, officer in charge at the time of the assault on plaintiff in Dorm 12 on 07-03-03 into 07-10-03..."

Plaintiff's Notice of Tort Claim and original pro se complaint sought relief against a    John Doe defendant described as the "Sergent that was on duty 07-09-2003 & 07-10-2003."

<u>Defendants Sari Trevarthen and Roderick Lightener:</u> Defendants Trevarthen and Lightener are employed as corrections officers by the Multnomah County Sheriff. They were first identified by name in plaintiff's Fourth Amended Complaint as the individuals who "refused to transport plaintiff to OHSU

despite medical directives to do so," and "made medical decisions about an inmate where they lacked adequate training and sufficient expertise" resulting in cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff's Notice of Tort Claim, original pro se complaint and First Amended Complaint named as John Doe defendants the officers "that transported (plaintiff) to hospitals 07-10-2003." Plaintiff also alleged that the John Doe "transport officers" took him to the "wrong" hospital and subsequently did not transport him to OHSU as directed.

<u>Defendant Craig Walter:</u>  Plaintiff alleges in his Fourth Amended Complaint that defendant Craig Walter is an employee of the Multnomah County Sheriff and was at all material times employed as a nurse at the Inverness Jail. Defendant Walter is alleged to have  examined plaintiff immediately following the assault giving rise to plaintiff's claims and to have "refused to transport him to the hospital, did not order x-rays or request an examination by a physician," and otherwise fail to adequately respond to and treat plaintiff's injuries.

Defendant Walter was first identified by name in plaintiff's Third Amended Complaint filed December 5, 2005,[5]

_____

[5]Plaintiff's Memorandum of Law in Response to Motion for Summary Judgment (#95) alleges that "Mr. Phillips sent a notice of tort claim to Multnomah County on October 30, 2003 naming Dr. Engstrom, Nurse Stoner and Nurse Walter as potential defendants." However the court's review of the Notice of Tort Claim, Plaintiff's

and alleged to have been "assigned to the evening shift on 07-09-03 into 07-10-03" and to have rendered inadequate medical assistance to plaintiff after he was assaulted.

Plaintiff's original complaint and notice of tort claim name as Doe defendants "nurse's (sic) that where (sic) on duty 07-09-&07-10-2003 & still ongoing."

<u>Defendant Todd Engstrom:</u>  Defendant Engstrom is alleged in plaintiff's Fourth Amended Complaint as "a physician for the Multnomah County Sheriff at the Inverness Jail" and plaintiff's "primary care physician while he was in custody at the Inverness Jail."

Dr. Engstrom was first identified by name in plaintiff's Second Amended Complaint and alleged to be a "medical doctor for Multnomah County Inverness Jail during 2003-2004 working with Multnomah County Health Care Services."

Plaintiff further alleges that Dr. Engstrom rendered inadequate medical treatment to plaintiff. <u>Id</u>.

Plaintiff contends that he "sent a notice of tort claim to Multnomah County on October 30, 2003 naming Dr. Engstrom" as a potential defendant.  Memorandum in Response to Motion for Summary Judgment (#95) p. 1. Plaintiff's Notice of Tort Claim has been submitted to the court as Plaintiff's Exhibit

---

Exhibit 1 (#99), reveals that although the actions of the nurses responding to plaintiff's injuries are described, defendant Walter is not "named."

1 (#99).  The notice of tort claim itself appears to be five (5) pages.  Plaintiff's exhibit consists of several additional pages.  It is not clear from the record if the 4 pages of allegations following the Affidavit of Mailing /signature page on plaintiff's Notice were submitted as part of the notice.[6] The "additional pages" contain allegations concerning "Dr. Ingham."  If the "additional pages" were in fact sent as part of plaintiff's Notice of Tort Claim, it may be that plaintiff's allegations concerning "Dr. Ingham" were intended to refer to Dr. Engstrom  and constitute a "mistake" under the state  and  federal  rules  concerning  relation  back  of amendments. This possibility is buttressed by the fact that plaintiff alleges that on July 31, 2003 "Dr. Ingham said he was dropping back my pain medication."  Plaintiff alleges in his Second Amended Complaint that "Dr. Engstrom" violated his rights by failing to properly manage his pain following his injuries.

In  any  event,  plaintiff's  Notice  of  Tort  Claim  and original pro se complaint name as Doe defendants "Doctors and Nurses that work for Multnomah County Health or work through Oregon Health Services."

In plaintiff's Second Amended Complaint (#37), plaintiff

---

[6]Each of the pages of the Notice is designated "Page 1 of 5," etc, and the Affidavit of Mailing / signature page is designated "Page 5 of 5."  The additional pages are not numbered.

alleges that he was treated by Dr. Engstrom "during July, 2003 through September, 2003." Plaintiff's Affidavit (#99) states that his "treating physician until September or October of 2003 was Dr. Todd Engstrom." See, Affidavit of Kenneth Phillips (#99) p. 2.

The Declaration of Tresa Welch (#107) establishes that Dr. Engstrom was not a Corrections Health provider for September and October 2003, and that his "last working day at Corrections Health was August 6, 2003.[7]" However, it is undisputed that Dr. Engstrom was on the medical staff at the Inverness Jail and provided medical treatment to plaintiff for his injuries before September, 2003.

All of the above referenced individuals, except Officer Trevarthen, have filed affidavits stating that they had no knowledge of plaintiff's claims against them or any reason to believe that they would be named as a defendant in this matter until sometime after the expiration of the statute of limitations on July 10, 2005. See, Declaration of Dr. Todd Engstrom (#103), Declaration of Robert B. Jordan (#104), Declaration of Roderick Lightener (#105), Declaration of Craig Walter (#106) [unsigned], and Declaration of Craig Walter (#109). However, given the circumstances set forth above,

---

[7]After August 6,2003, Dr. Engstrom left the country and returned approximately one year later, resuming his position at Corrections Health. Declaration of Teresa Welch (#107) p. 2.

defendants' affidavits strain credulity, and I find that these defendants at a minimum constructively received notice of the institution of plaintiff's action (through notice to Multnomah County) and will not be prejudiced in maintaining any defense on the merits.   In addition, I find that these defendants should have known   but for the "mistake" of plaintiff's inability to discover their names that they would have been named as defendants in plaintiff's original complaint or First Amended Complaint, filed before the expiration of the statute of limitations.   At the very least, material issues of fact exist as to the moving defendants' notice and knowledge concerning plaintiff's claims against them.

For the reasons set forth above, defendants' Motion for Summary Judgment (#92) on the ground that plaintiff's claims against defendants Jordan, Engstrom, Walter, Trevarthen and Lightener are barred by the statute of limitations, should be denied. Plaintiff's request for attorney fees, contained in plaintiff's Memorandum in Response (#95) p. 10, should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have

ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _22_ day of January, 2007.

John P. Cooney
United States Magistrate Judge