IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KENNETH W. PHILLIPS, ) | Civil No. 05-105-CL |
| ) | |
| Plaintiff, ) | **OPINION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| MULTNOMAH COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**PANNER, Judge.**

On January 22, 2007, Magistrate Judge Cooney filed his Findings and Recommendation, which recommended denying the motion for summary judgment filed by Defendants Jordan, Engstrom, Walter, Trevarthen, and Lightner. Defendants filed objections. The matter is now before this court for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

In the interim, the parties filed a stipulation resolving the claims against defendants Stoner, Engstrom, Trevarthen, and Lightner. The summary judgment motion is moot as to those defendants, but still in dispute as to Defendants Jordan and Walter.

/ / / /

1 - OPINION AND ORDER

## Background

Jordan and Walter contend the claims against them are barred by the statute of limitations.  Plaintiff states that, while a pretrial detainee in the Multnomah County Inverness Jail, he was beaten and "rendered unconscious," sustaining serious head and facial injuries, and then denied proper medical care.  This allegedly occurred about July 10, 2003.  Plaintiff says he eventually was taken to a hospital for surgery.  However, during the ensuing months, jail officials allegedly continued to deny him proper medical care and refused to comply with instructions from the doctors who had treated him, resulting in further harm and permanent damage.  Plaintiff states he remained in the Multnomah County Jail until February 15, 2004.

Defendant Jordan is alleged to have been the swing shift sergeant on duty the night of July 9-10, 2003.  Plaintiff accuses Jordan of various acts of misconduct regarding the events of that evening, and also efforts to cover-up the incident, thwart an investigation, and deny Plaintiff evidence that might assist him in prosecuting this action.  Defendant Walter is one of two jail nurses who allegedly denied Plaintiff proper medical care that evening despite obvious injuries requiring immediate medical attention.  Plaintiff has not alleged tortious conduct by Walter after July 10, 2003.

Plaintiff reportedly filed an inmate grievance and tort claim notice in 2003.  He then filed this action, pro se, in

/ / / /

/ / / /


2 - OPINION AND ORDER

January 2005,[1] well within the two-year limitations period. In his initial filing, Plaintiff did not identify most defendants by name. The caption lists several defendants, including Multnomah County Inverness Jail and "All Public Bodies Involved." The body of the Complaint then lists several additional defendants by name, including one of the nurses on duty that evening.

Also included in the original Complaint is what appear to be excerpts from Plaintiff's tort claim notice, including "NAME AND ADDRESSES DEFDANTS." On those pages, Plaintiff listed defendants by reference to the date, location, and job function. Among them were "JONH OR JANE DOE' SERGENT THAT WAS ON DUTY 07-09-2003&07-10-2003'," "JONH OR JANE DOE' OFFICER THAT WAS ON DUTY IN DORM 12 MIDNIGHT 07-09-2003," and "JONH OR JANE DOE'NURSE'S THAT WHERE ON DUTY 07-09--&-07-10-2003 & STILL ON GOING." Plaintiff subsequently explained he did not know the true names of all persons involved, and obtained that information later through discovery in this action.[2]

Plaintiff filed a First Amended Complaint in June 2005--still within the limitations period--which identified some additional defendants by name. This document did not mention Jordan or Walter. In that pleading, Plaintiff accused Sheriff Giusto of repeatedly refusing to provide the names of two

---

[1] The Complaint is dated January 10, but not file-stamped until January 24. Because either date is within the limitations period, I will not examine the reasons for the discrepancy or be concerned with nuances such as the prison mailbox rule.

[2] Plaintiff has also stated "he suffered some temporary memory loss as a result" of his injuries. It is unclear if this impaired his ability to recall precisely what transpired and who was involved, for purposes of timely identifying the persons to be named in this litigation.

3 - OPINION AND ORDER

officers involved.  Plaintiff said he "reserve[d] the right to amend this complaint to join these two officers as defendants once their name's are discovered . . . ."  The two officers were not Jordan or Walter.

Defendant Jordan was first identified by name in the Second Amended Complaint.  That document is notarized September 15, 2005, and file stamped October 3, 2005.  Defendant Walter was first identified by name in the Third Amended Complaint, which was given to prison officials for mailing on December 12, 2005, and file stamped December 15, 2005.

## Discussion

The question before this court is whether the claims against Jordan and Walter are, as a matter of law, untimely.  The Magistrate Judge concluded the claims were timely or, at least, that there is a factual dispute which precludes granting summary judgment for Defendants.

### A.   Whether Fed. R. Civ. P. 15(c) or Oregon R. Civ. P. 23C is controlling

Defendants' first relevant[3] contention is that the Magistrate Judge erred by applying the relation-back rules of Fed. R. Civ. P. 15(c) ("Rule 15(c))  to decide whether Plaintiff's 42 U.S.C. § 1983 claims are time-barred.  Defendants assert it is "well-established" that this question is controlled by state law and by Oregon Rule of Civil Procedure 23C.

---

[3] Defendants' memorandum begins by reciting Plaintiff's criminal history, but never explains how that is relevant to whether his claims are time-barred.  As counsel knows, a court may not assess the credibility of witnesses on summary judgment, nor would it be proper to offer such evidence merely to bias the court against the plaintiff.

4 - OPINION AND ORDER

There are not many circumstances in which a federal court action is governed by state court procedural rules rather than by the Federal Rules of Civil Procedure, particularly when the procedural issue is explicitly addressed by the federal Rules. Cf. Hess v. Eddy, 689 F.2d 977, 980 (11th Cir. 1982) (error to apply "Alabama's 'no relation back' rule in a § 1983 action in the face of a Federal Rule of Civil Procedure that expressly authorizes and adopts the 'relation back' doctrine"), *abrogated on other grounds by* Wilson v. Garcia, 471 U.S. 261 (1985); Lewellen v. Morley, 875 F.2d 118, 121 (7th Cir. 1989) ("Federal courts absorb state law only when federal law neglects the topic"); Worthington v. Wilson, 790 F. Supp. 829, 837 n.2 (C.D. Ill. 1992) (in a § 1983 case, this court borrows the state statute of limitation, and presumably state rules which are inextricably entwined with the statute of limitations, but the court "does not borrow any and all state procedural rules which may have some impact on the limitations period, particularly where there is a federal rule of procedure directly on point").

The timeliness of a § 1983 claim is governed, in the first instance, by federal law. See Wilson, 471 U.S. at 268-70. Because Congress did not prescribe a specific limitations period for bringing a § 1983 claim, the Supreme Court has instructed the lower courts to borrow the forum state's limitations period applicable to claims for general personal injuries. Id. at 266-70, 279-80 (citing 42 U.S.C. § 1988(a)). However, the Court cautioned, "[o]nly the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." Id. at 269 (footnote omitted).

5 - OPINION AND ORDER

Two years later, in <u>West v. Conrail</u>, 481 U.S. 35 (1987), the Court expounded further on this subject in a case involving a different federal statute:

> Inevitably our resolution of cases or controversies requires us to close interstices in federal law from time to time, but when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary. Here, because of the availability of Rule 3, there is no lacuna as to whether the action was brought within the borrowed limitations period.

<u>Id.</u> at 39-40 (footnote omitted). <u>See also</u> <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1138 (9th Cir. 2002) (Fed. R. Civ. P. 3, not Oregon law, governs when a § 1983 action is "commenced").

Also informative is <u>Schiavone v. Fortune</u>, 477 U.S. 21 (1986), a diversity action that turned upon the Court's interpretation of the relation-back provisions in Rule 15(c). Although the libel claim was governed by a New Jersey statute of limitations, which the Court applied consistent with the <u>Erie</u> doctrine, no member of the Court suggested that the relation-back question was governed by New Jersey rather than federal law. It follows that if Rule 15(c) governs even on a purely state law claim, then surely Rule 15(c) also governs in a § 1983 action --a federal law claim that merely borrows the duration of the state limitations period to fill a gap in federal law.

Rule 15(c) was amended in 1991. That rule (after minor amendments in 1993) now reads in relevant part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

6 - OPINION AND ORDER

>    (1) relation back is permitted by the law that provides
>    the statute of limitations applicable to the action, or
>
>    (2) the claim or defense asserted in the amended
>    pleading arose out of the conduct, transaction, or
>    occurrence set forth or attempted to be set forth
>    in the original pleading, or
>
>    (3) the amendment changes the party or the naming
>    of the party against whom a claim is asserted if
>    the foregoing provision (2) is satisfied and,
>    within the period provided by Rule 4(m) for
>    service of the summons and complaint, the party to
>    be brought in by amendment (A) has received such
>    notice of the institution of the action that the
>    party will not be prejudiced in maintaining a
>    defense on the merits, and (B) knew or should have
>    known that, but for a mistake concerning the
>    identity of the proper party, the action would
>    have been brought against the party.

The Advisory Committee Notes accompanying the 1991 Amendments explain that:

> **Paragraph (c)(1).**   This provision is new.  It is
> intended to make it clear that the rule does not
> apply to preclude any relation back that may be
> permitted under the applicable limitations law . .
> . . Whatever may be the controlling body of
> limitations law, if that law affords a more
> forgiving principle of relation back than the one
> provided in this rule, it should be available to
> save the claim.

In other words, the federal court applies the relation back principles as stated in Rule 15(c)(2) and (3), unless another source of law--such as state law--provides the applicable limitations law and that other source of law "affords a more forgiving principle of relation back."

The foregoing would seem dispositive of whether this court should apply the relation back standard articulated in federal

7 - OPINION AND ORDER

Rule 15(c), or the state law provisions of Oregon's Rule 23C which Defendants contend are less forgiving. The post-1991 decisions this court has reviewed are consistent with the conclusion that Rule 15(c) applies to a § 1983 action.[4]

One loose end remains, however. Defendants contend that Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989), is controlling and compels this court to apply Oregon's Rule 23C. An examination of Merritt begins with Cabrales v. County of Los Angeles, 864 F.2d 1454 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), *decision adhered to on remand*, 886 F.2d 235 (9th Cir. 1989).

In Cabrales, the Ninth Circuit was confronted with a § 1983 claim arising in California, where the limitations period for a personal injury claim was one year. However, California law also expressly authorized a plaintiff to bring an action naming Doe defendants, and then substitute the true names of the defendants within three years after commencement of the action. The Cabrales panel concluded that the "California relation back doctrine is . . . a tolling issue that, under Wilson, must be decided under state law." Cabrales, 864 F.2d at 1464. The panel

---

[4] Cf. Garvin v. City of Philadelphia, 354 F.2d 215 (3rd Cir. 2003) (applying Rule 15(c)); Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996) (same); Henderson v. Bolanda, 253 F.3d 928, 931-32 (7th Cir. 2001) (same, and also discussing interplay when state law is more generous); Flores v. Cameron County, Texas, 92 F.3d 258, 272-73 (5th Cir. 1996) (applying Rule 15(c)); Worthington, 790 F. Supp. at 835-37 (Rule 15(c), and not the state relation-back rules, governs in a § 1983 action); Bradley v. Macomb County, 370 F. Supp. 2d 607, 611-12 (E.D. Mich. 2005) (applying Rule 15(c)); Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998) (same); Byrd v. Abate, 964 F. Supp. 140, 144-45 (S.D.N.Y. 1997) (same). But cf. Moore v. Indiana, 999 F.2d 1125, 1130 (7th Cir. 1993).

8 - OPINION AND ORDER

also reasoned that the "California pleading practice allowing new defendants to be named after the original complaint is filed without violating the statute of limitations is . . . a substantive state policy that is applicable in the federal courts." Id., citing Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945) and Lindley v. General Electric Co., 780 F.2d 797, 802 (9th Cir. 1986). The Cabrales panel therefore held that the § 1983 claims were not time-barred.

The decision in Merritt, which Defendants contend is controlling, was decided the same year as Cabrales, and applied the same California laws. The Merritt panel observed that:

> Our recent decision in Cabrales . . . is dispositive of this issue. In Cabrales, we affirmed the district court's holding that the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983. We reached this determination despite the fact that substitution of the additional defendants would have violated the notice requirements of the federal rule.

Merritt, 875 F.2d at 768. In a footnote, the court added:

> In Cabrales, we agreed with the district court that California relation back provisions constitute a substantive state policy that is applicable in federal civil rights actions in which a state statute of limitations governs.

Id. at 768, n.5.

I conclude that Cabrales and Merritt are not controlling here. To begin with, despite some sweeping language, both decisions actually were concerned with a special California law having no counterpart in Oregon. Both decisions also predate the 1991 Amendments that significantly altered Rule 15(c). Indeed,

9 - OPINION AND ORDER

the specific results in <u>Cabrales</u> and <u>Merritt</u> can be viewed as effectively anticipating certain provisions of the 1991 Amendments, namely, that in some circumstances a Plaintiff may be entitled to the benefit of state law relation back rules if those are more generous than Rule 15(c).  <u>See</u> Rule 15(c)(1) (1991) and Advisory Committee Notes.  The opposite circumstance allegedly is true here, where Rule 15(c) is perceived to be more generous than the state relation-back rule.[5]

Notably, neither <u>Cabrales</u> nor <u>Merritt</u> mentioned the Supreme Court's decisions in <u>Schiavone</u> and <u>West</u>.  Instead, <u>Merritt</u> cited <u>Cabrales</u>, which in turn relied upon <u>Lindley</u> and <u>Guaranty Trust</u>.

<u>Lindley</u> involved the same California rules at issue in <u>Cabrales</u> and <u>Merritt</u>, but the action--which concerned a state law personal injury claim--was commenced in state court and then removed to federal court.  The plaintiff understandably had relied upon the applicable state court pleading rules when he commenced the action, and should not later be penalized for not following the federal pleading practice.[6]  It does not necessarily follow that the state rules of civil procedure govern an action litigated entirely in federal court, particularly an

---

[5] One commentator has suggested the <u>Cabrales</u> line of cases can be explained as a determination that California's unique relation-back rule was inextricably intertwined with its statute of limitations. 6A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1503 (1990).

[6] An analogous issue often arises when an action is removed to federal court.  Unlike Fed. R. Civ. P. 38, the state rules of procedure in Oregon do not require that a party make an express demand for a jury trial in order to preserve that right.  In that circumstance, the party is not deemed to have waived the right by virtue of having followed the rules applicable to the forum in which the action was commenced.  <u>See</u> <u>Jackson & Perkins Wholesale, Inc. v. Smith Rose Nursery, Inc.</u>, 2007 WL 397103 (D. Or. 2007).

10 - OPINION AND ORDER

action arising under federal law.  The <u>Lindley</u> panel also viewed California's Doe pleading and substitution rule as "effectively extend[ing] the one-year statute of limitations three years past the commencement of the action as to defendants named as Does." <u>Lindley</u>, 780 F.2d at 800, citing <u>Rumberg v. Weber Aircraft Corp.</u>, 424 F. Supp. 294 (C.D. Cal. 1976).

<u>Lindley</u> also "stress[ed] that it is not the purpose of Rule 15(c) 'to raise a limitations bar that is not supported by the underlying state rule.'"  <u>Lindley</u>, 780 F.2d at 800-01 (citation omitted).  The panel distinguished, on that basis, <u>Santana v. Holiday Inns, Inc.</u>, 686 F.2d 736 (9th Cir. 1982), where "this court applied Rule 15(c) to save an action that would have been time-barred under state law."  <u>Lindley</u>, 780 F.2d at 801.  Again, this discussion is consistent with the view, later explicitly endorsed in the 1991 Amendments, that Rule 15(c) governs, but in some instances a litigant is entitled to the benefit of the state law relation-back rule if more favorable than the federal rule.

The other case <u>Cabrales</u> cited was <u>Guaranty Trust</u>, which involved a state law claim, with federal jurisdiction founded solely upon on diversity.  The issue before the Supreme Court was how to characterize statutes of limitation for purposes of the <u>Erie</u> doctrine.  <u>Guaranty Trust</u> does not address the matters at issue here.

Defendants' argument also proves too much.  If Oregon Rule 23 applies, then this court must also apply other state policies and procedures associated with the Oregon limitations period.

The Oregon statutes of limitation, as interpreted by the Oregon courts, furnish a measure of protection for plaintiffs who

11 - OPINION AND ORDER

have difficulty identifying the person responsible for their injuries.  Under Oregon law, "the statute of limitations in a negligence action does not begin to run until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the identity of the tortfeasor."  Gehrke v. Crafco, Inc., 143 Or. App. 517, 522 (1996).  See also Gaston v. Parsons, 318 Or. 247, 252-53 (1994) ("discovery of 'injury' is comprised of different components, some of which are harm, identity of the tortfeasor, and causation."  That does not mean the Plaintiff must necessarily know the exact name before the limitations period begins to run.  In some circumstances it may be sufficient that this information was "inherently discoverable" at the time of the injury.  Gehrke, 143 Or. App. at 523-24 (injured customer knew she had been wronged by possessor of store where she fell, and possessor's name was readily ascertainable with due diligence).  Still, Oregon's discovery rule helps to ensure that the period for commencing an action will not expire before the injured person is aware that he has been harmed and by who. Gaston, 318 Or. at 255-56.

Whether federal law contains a similar "identity of the tortfeasor" requirement has been the subject of much debate, which I will not attempt to resolve here.[7]  Suffice to say that

---

[7] Compare Bibeau v. Pacific Northwest Research Foundation Inc., 188 F.3d 1105, 1108 (9th Cir. 1999) (statute of limitations "only begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury'") (quoting United States v. Kubrick, 444 U.S. 111, 122 (1979)), with Clavette v. Sweeney, 132 F. Supp. 2d 864, 874-75 (D. Or. 2001) (dismissing the statement in Bibeau as "dictum"); but cf. O'Connor v. Boeing North American, Inc., 311 F.3d 1139, 1147 (9th Cir. 2002) (reiterating the language of Bibeau and Kubrick); T.R. v. Boy Scouts of

Defendants perceive the federal accrual rule to be less generous than Oregon's discovery rule.

Ordinarily, although state law determines the length of the limitations period, federal law determines when a § 1983 claim accrues. Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000).

Defendants thus want the best of both worlds: application of the federal rule governing when the cause of action accrues, coupled with the state rules governing relation-back. However, if I accept the contention that the relation-back rules of Oregon's Rule 23C are such an integral part of ORS 12.110 that this court must apply those rules instead of federal Rule 15(c), then I must also apply Oregon's discovery rule rather than the federal accrual rule. The Oregon discovery rule flows directly from the Oregon Supreme Court's construction of the language of ORS 12.110 and, in particular, the Oregon Supreme Court's interpretation of the word "injury" in that statute. See Gaston, 318 Or. at 252-54. The discovery rule is thus intertwined with ORS 12.110 to a greater extent than are the relation-back principles of Oregon Rule 23C.

In short, Defendants can gain nothing by urging this court to apply Oregon Rule 23C, instead of federal Rule 15(c), and might actually fare worse.

/ / / /

/ / / /

---

America, 205 Or. App. 135, 139-43 (2006) (under federal law, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock") (quoting Rotella v. Wood, 528 U.S. 549, 555 (2000)).

13 - OPINION AND ORDER

I conclude that the relation-back principles of federal Rule 15(c) apply to this action.[8]

## B. **Application of Rule 15(c) to this case**

Applying the provisions of Rule 15(c) to the claims against Jordan and Walter, Defendants concede the requirements of Rule 15(c)(2) are satisfied. "[T]he claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."

In addition, the Second Amended Complaint expressly naming Jordan as a defendant was filed "within the period provided by Rule 4(m) for service of the summons and complaint." Rule 15(c)(3).

Defendants vociferously argue that the remaining requirements of Rule 15(c)(3) are not met. However, I agree with the Magistrate Judge's conclusion that, at a minimum, there is a factual question regarding whether Jordan and Walter possessed the requisite knowledge in time, or if that knowledge can properly be imputed to them.[9] There also are unresolved factual

---

[8] I previously adopted an unopposed Findings and Recommendation that assumed Oregon Rule 23 was controlling in § 1983 actions in federal court. Nash v. Lewis, 2006 WL 1720533 (D. Or. 2006). However, the issue was not briefed or otherwise called to my attention, nor would the choice of law have changed the result in that instance.

[9] This topic has received considerable attention in some published opinions. Cf. Garvin, 354 F.3d 215; Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186 (3rd Cir. 2001); Blaskiewicz, 29 F. Supp. 2d 134; Daily v. Monte, 26 F. Supp. 2d 984, 987 (E.D. Mich. 1998); Byrd, 964 F. Supp. 140; Scott v. Coughlin, 944 F. Supp. 266 (S.D.N.Y. 1996), *vacated on other grounds sub nom.* Scott v. Albury, 156 F.3d 283 (2d. Cir. 1998); Feliz v. New York City Police Department, 811 F. Supp. 124 (S.D.N.Y. 1992).

questions regarding the date Plaintiff knew, or with due diligence should have known, certain information regarding his claims.

## **Conclusion**

I adopt, as clarified above, the Magistrate Judge's Findings and Recommendation (# 118). The motion (# 92) for summary judgment by Defendants Jordan and Walters is denied. The motion is moot as to defendants Engstrom, Trevarthen, and Lightner.

IT IS SO ORDERED.

DATED this 23rd day of March, 2007.


/s/ Owen M. Panner
─────────────────────────
    Owen M. Panner
    United States District Judge

15 - OPINION AND ORDER